IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COREY HERBERT,

    Plaintiff,

v.                                       Case No. 19-1106-JWB

WICHITA STATE UNIVERSITY TECH,[1]
and JAMES HALL,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss. (Doc. 11.) Plaintiff has not responded to the motion and the time for doing so under the rules has expired. Defendants have filed a reply. (Doc. 14.) For the reasons stated herein, the motion to dismiss (Doc. 11) is TAKEN UNDER ADVISEMENT.

**I. Facts**

The complaint alleges that Defendant James Hall is the Dean of WSU Tech. In substance, the complaint alleges:

> On or about March 5th, 2019, the Petitioner was denied employment by WSU Tech; after the Petitioner completed the course and training that was provided by the Corporation [WSU Tech]. This denial was due to discrimination based on disability, race or age of the Petitioner or background. The Corporation should have conducted the proper investigation or background before the Petitioner finished the class. These promises were made for employment; if the Petitioner passed the program. The Petitioner believes the Respondents knew employment was not guaranteed for the Petitioner and the Respondents decided to let the Petitioner complete the class to receive the funding for the program. * * * [WSU Tech's] staff made unprofessional [comments] towards the Petitioner and the staff's

---

[1] This defendant was so named in the petition (Doc. 1-1 at 2), but indicates its actual name is the Wichita State University Campus of Applied Sciences and Technology. (Doc. 1 at 1.) For purposes of the motion, the court refers to this Defendant as "WSU Tech."

name is Austin Andrews and a few other staff members in the Respondent's facility. The Petitioner has been discriminated against by these parties and the Respondents are liable for this action.

Doc. 1-1 at 2-3. An additional paragraph entitled "Count One: Negligence" states in part:

The Respondents failed to perform the duties for all individuals or persons not to be treated with discrimination, defamation of character, deprived of their rights of equal opportunity of employment. No Corporation shall practice with bias, be unreasonable or unconstitutional towards any individual.

*Id.* at 3.

## II. Standards for Motion to Dismiss

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in her complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support her claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. Analysis

Defendants argue Plaintiff has not sufficiently stated a claim for relief under any federal law potentially applicable to his allegations of race, disability, or age discrimination, including

Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981, or Title IX. Defendants additionally argue Plaintiff has failed to exhaust administrative remedies as to any claim under Title VII, the ADA, or the ADEA. Finally, Defendants argue the petition fails to adequately allege a claim for negligence. (Doc. 12.)

The court finds Plaintiff's allegations are insufficient to state a valid claim for relief against Defendants under any of the federal laws mentioned above.[2] The complaint indicates Plaintiff attended a training course at WSU Tech, but does not explain how Plaintiff was "denied employment" by WSU Tech. The complaint does not allege that WSU Tech or James Hall was an "employer" or "employment agency" or other entity subject to the provisions of Title VII, the ADA, or the ADEA; nor does it allege facts to show how Defendants' actions violated the foregoing laws or the right to make and enforce contracts under 42 U.S.C. § 1981. The complaint does not identify Plaintiff's race, age, or disability, or describe how Defendants discriminated on account of those factors. It also fails to allege any facts showing that WSU Tech is an entity subject to federal standards governing discriminatory conduct by recipients of federal funds, such as Title IX, or how Defendants violated any such standards. Although Plaintiff is not required to set forth a prima facie case for each element of a discrimination claim, he is required to set forth plausible claims. *Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012). Plaintiff's general assertions of discrimination without any details of the events constituting the alleged denial of employment or discrimination are insufficient to survive a motion to dismiss. *Id.* In sum, the complaint fails to allege sufficient facts to make a plausible showing that Defendants are liable under any conceivable theory of federal law.

---

[2] The court declines to address the exhaustion issue at this point. Failure to exhaust administrative remedies is an affirmative defense that, when raised in a Rule 12(b)(6) motion, depends upon "whether the allegations in the complaint suffice to establish that ground." *See Jones v. Bock,* 549 U.S. 199, 215 (2007); *Cirocco v. McMahon,* 768 F. App'x 854, 858 (10th Cir. 2019).

With respect the claim of negligence, the complaint contains no facts showing that Defendants owed a legal duty to Plaintiff under Kansas law or that their conduct breached such a duty. *See e.g., Baska v. Scherzer,* 283 Kan. 750, 756, 156 P.3d 617, 622 (2007) (citations omitted) (elements of negligence include existence of duty and failure to perform that duty.) The complaint thus fails to state a valid claim for relief under Kansas negligence law.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (citation omitted). Because Plaintiff could conceivably clarify the facts in an amended pleading to state a valid claim, the court will grant Plaintiff 14 days to file an amended complaint.

IT IS THEREFORE ORDERED this 3rd day of July, 2019, that Defendant's motion to dismiss (Doc. 11) is TAKEN UNDER ADVISEMENT. Plaintiff is granted 14 days from the date of this order to file an amended complaint curing the defects noted above. Failure to file an amended complaint within the 14-day period will result in dismissal of the action without further notice.

                                                     _____s/ John W. Broomes_____
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE