IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COREY HERBERT,

    Plaintiff,

v.                                                            Case No. 19-1106-JWB

WICHITA STATE UNIVERSITY TECH,[1]
and JAMES HALL,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to strike response (Doc. 18) and motion to strike, or in the alternative dismiss, Plaintiff's amended complaint (Doc. 20). Plaintiff has not responded to the motions and the time for doing so under the rules has expired. For the reasons stated herein, the motion to strike response is DENIED AS MOOT (Doc. 18) and the motion to dismiss the amended complaint (Doc. 20) is GRANTED.

**I. Facts and Procedural History**

On April 2, 2019, Plaintiff filed an action against Defendants in Sedgwick County District Court alleging claims of employment discrimination. (Doc. 1.) On May 2, 2019, Defendants removed this action on the basis that this court had original jurisdiction over complaints of employment discrimination. (Doc. 1.) On May 23, Defendants moved for dismissal on the basis that the complaint failed to state a claim. (Doc. 11.) In their motion to dismiss, Defendants argued that Plaintiff had not sufficiently stated a claim for relief under any federal law potentially

---

[1] This defendant was so named in the petition (Doc. 1-1 at 2), but indicates its actual name is the Wichita State University Campus of Applied Sciences and Technology. (Doc. 1 at 1.) For purposes of the motion, the court refers to this Defendant as "WSU Tech."

applicable to his allegations of race, disability, or age discrimination, including Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981, or Title IX. After reviewing the complaint, the court found that Plaintiff's allegations were insufficient to state a valid claim for relief under those laws. Due to Plaintiff's pro se status, however, the court took the matter under advisement and provided Plaintiff with an opportunity to amend his complaint. Plaintiff was to file his amended complaint within 14 days of this court's order dated July 3, 2019. (Doc. 15 at 4.) This court's order stated that the complaint would be dismissed if Plaintiff failed to file an amended complaint by the deadline imposed by the court. (*Id.*)

Instead of filing a timely amended complaint, on July 5, Plaintiff filed a "motion to deny dismissal." (Doc. 16.) In his motion, Plaintiff argues the merits of his claim.[2] Defendants then promptly moved to strike Plaintiff's motion. (Doc. 18.) On July 25, Plaintiff filed an amended complaint. (Doc. 19.)

In his amended complaint, Plaintiff alleges that he was denied an opportunity to interview for employment or denied the opportunity of a referral by Defendants. Plaintiff alleges that he completed the training with Defendants and during the training was treated "with unprofessional discriminating acts by [Defendants] talking about the Plaintiff to other students, treating the Plaintiff unfairly and not giving the Plaintiff the proper tools to help the Plaintiff pass the class." (Doc. 19 at 1-2.) Plaintiff alleges he was "treated with bias, disrespect and discriminated…for his lack of disability to catch on quickly." (*Id.* at 2.) Plaintiff further states that Defendants were

---

[2] The arguments in the motion appear to be in response to Defendants' motion to dismiss. Plaintiff is not registered for electronic notification of documents under this court's filing system. Therefore, it is likely that Plaintiff had not yet received this court's order on Defendants' motion to dismiss at the time he filed his motion.

applicable to his allegations of race, disability, or age discrimination, including Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981, or Title IX. After reviewing the complaint, the court found that Plaintiff's allegations were insufficient to state a valid claim for relief under those laws. Due to Plaintiff's pro se status, however, the court took the matter under advisement and provided Plaintiff with an opportunity to amend his complaint. Plaintiff was to file his amended complaint within 14 days of this court's order dated July 3, 2019. (Doc. 15 at 4.) This court's order stated that the complaint would be dismissed if Plaintiff failed to file an amended complaint by the deadline imposed by the court. (*Id.*)

Instead of filing a timely amended complaint, on July 5, Plaintiff filed a "motion to deny dismissal." (Doc. 16.) In his motion, Plaintiff argues the merits of his claim.[2] Defendants then promptly moved to strike Plaintiff's motion. (Doc. 18.) On July 25, Plaintiff filed an amended complaint. (Doc. 19.)

In his amended complaint, Plaintiff alleges that he was denied an opportunity to interview for employment or denied the opportunity of a referral by Defendants. Plaintiff alleges that he completed the training with Defendants and during the training was treated "with unprofessional discriminating acts by [Defendants] talking about the Plaintiff to other students, treating the Plaintiff unfairly and not giving the Plaintiff the proper tools to help the Plaintiff pass the class." (Doc. 19 at 1-2.) Plaintiff alleges he was "treated with bias, disrespect and discriminated…for his lack of disability to catch on quickly." (*Id.* at 2.) Plaintiff further states that Defendants were

---

[2] The arguments in the motion appear to be in response to Defendants' motion to dismiss. Plaintiff is not registered for electronic notification of documents under this court's filing system. Therefore, it is likely that Plaintiff had not yet received this court's order on Defendants' motion to dismiss at the time he filed his motion.

oppressive and created a hostile learning environment. Plaintiff's amended complaint then cites various Supreme Court cases, the Fourteenth Amendment, and Title VII.[3] (Doc. 19 at 2-3.)

Defendants move to strike Plaintiff's amended complaint on the basis that it is untimely or, in the alternative, move to dismiss the amended complaint on the basis that it fails to state a claim. (Doc. 20.)

**II. Standards for Motion to Dismiss**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [his] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1172 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

---

[3] On September 18, 2019, Plaintiff filed a "Supplement," which contains handwritten notes and letters addressed to Plaintiff. (Doc. 21.) It also contains various documents from WSU Tech. Plaintiff also filed a second "Supplement" on October 2, 2019. (Doc. 22.) Plaintiff makes no attempt to identify the purpose of filing these documents. It is not a responsive filing to any of the motions pending before the court. In considering whether Plaintiff has stated a claim, the court does not consider documents outside the pleadings. Therefore, Plaintiff's Supplements have not been considered.

Reviewing the amended complaint, the court finds Plaintiff's allegations are insufficient to state a valid claim for relief against Defendants under any of the federal laws mentioned above.[4] Again, the amended complaint does not allege that Defendants were employers or an employment agency or any other entity subject to the provisions of Title VII, the ADA, or the ADEA. Plaintiff's amended complaint also does not identify Plaintiff's race, age, or disability, or sufficiently allege that Defendants discriminated on account of those factors.

Plaintiff's amended complaint is entirely conclusory. It alleges that he was harassed and subject to a hostile work environment. These are conclusions. There are no facts to support these conclusions. Plaintiff must set forth plausible claims in order to survive dismissal. *Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012). "[G]eneral assertions of discrimination and retaliation, without any details whatsoever …, are insufficient to survive a motion to dismiss." *Id.* Plaintiff's conclusory statements that discriminating acts were committed are not sufficient to survive a motion to dismiss without any details of the events constituting the discrimination or alleged denial of an interview or employment. *Id.* Construing the amended complaint liberally, Plaintiff alleges that he was not given an interview or employment opportunity. However, Plaintiff has not sufficiently alleged that Defendants' reason for denying the interview or employment opportunity was because of an unlawful reason. The court finds that the amended complaint fails to allege sufficient facts to make a plausible showing that Defendants are liable under any conceivable theory of federal law.

---

[4] Although the filing of the amended complaint was untimely by several days, the court will review the allegations contained in the amended complaint as Plaintiff, who is proceeding pro se, may have been under the faulty impression that his motion to deny dismissal would stay the deadline.

The court has also reviewed Plaintiff's motion to deny the motion to dismiss. In light of Plaintiff's filing of the amended complaint, however, this motion is denied as moot. As such, Defendants' motion to strike (Doc. 18) is also denied as moot.

Therefore, Defendants' motion to dismiss the amended complaint is granted (Doc. 20).

**IV. Conclusion**

Plaintiff's "motion to deny dismissal" is DENIED AS MOOT (Doc. 16). Defendants' motion to strike response is DENIED AS MOOT (Doc. 18). Defendants' motion to dismiss the amended complaint (Doc. 20) is GRANTED and Defendant's motion to dismiss (Doc. 11) is DENIED AS MOOT in light of Plaintiff's filing of his amended complaint. This action is dismissed, without prejudice.

IT IS SO ORDERED this 18th day of October, 2019.

\_\_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE